ROBERT W. PRYOR, receiver, respondent,

*v.*

ALLAN J. GRAY, appellant.

[Submitted March 11th, 1908.    Decided June 15th, 1908.]

Proof by the oath of one who did not, in fact, subscribe his name as a witness to the execution of a chattel mortgage by a corporation. although he deposes that he did so subscribe, is not the proving of an instrument sufficient to authorize its record so as to give it priority over creditors under our statute, which requires such proof to be made "by one or more of the subscribing witnesses to it." The proof must be made by one who subscribes his name as a witness after seeing the writing executed, or hearing it acknowledged.

----

On appeal from a decree of the court of chancery advised by Vice-Chancellor Grey, whose opinion is reported in *70 N. J. Eq. (4 Robb.) 413.*

*Mr. Frank Benjamin,* for the respondent.

*Mr. Malcolm MacLear,* for the appellant.

The opinion of the court was delivered by

BERGEN, J.

The complainant, as receiver of an insolvent corporation, filed his bill of complaint and therein prays that a chattel mortgage given by the corporation to the defendant be decreed void as to creditors, because its execution was not proven as required by our statute. The attestation clause reads: "In witness whereof the said party of the first part has caused this mortgage to be signed by its president and the seal of the company to be affixed." The mortgage was signed by the president, its common seal affixed, and under it written, "Attested, Robert D. Gemein,

Secretary." The execution of the writing was attempted to be proven by the oath of a person who deposed that the seal of the company was affixed, and the mortgage signed and delivered by the president of the company as its voluntary act and deed, "and that he thereupon signed the same as subscribing witness." It is admitted that the deponent did not subscribe his name as a witness to the execution of the mortgage. The vice-chancellor held that the proof of execution did not conform to our statute and therefore the mortgage was void as to creditors. Whether the proof will be sufficient, if there be no subscription by the witness, provided the person making the proof testifies that the execution was completed in his presence, and that he subscribed his name as a witness, although in fact he did not do so, as suggested by the vice-chancellor, need not now be determined. Our statute requires that instruments of this nature when proved, "by one or more of the subscribing witnesses to it," shall be received in evidence, and that when so proved may be recorded. It thus appears that in order to justify the recording of any instrument, the execution of which is proven instead of being acknowleged, the proof must be made by the subscribing witness, who is defined to be one who sees the writing executed or hears it acknowledged and at the request of the party thereupon signs his name as a witness. The right to have a preference against other creditors by way of chattel mortgage is controlled by the statute, and unless the requirements of the law are complied with, that right does not exist, and the mere statement under oath, by a person, who, so far as this mortgage was concerned, was a stranger to the transaction, that he subscribed his name as a witness, when in fact he did not, does not meet the requirements of the law on this subject. He is not such a witness to it as is contemplated by the statute. But in addition to this we think that the secretary was the subscribing witness and attested to the truth of the attestation clause, viz., that the corporation had caused the mortgage to be signed by its president and the seal of the company thereto affixed, and was the proper person to have made the proof, because as secretary, it is to be presumed, he had knowledge of the corporate

action which justified the execution of the mortgage and the affixing of the seal. As the proof of the execution of this chattel mortgage does not meet the requirements of our statute, the decree will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—16.

*For reversal*—None.